UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| THOMAS JAMES SAVOCA, ) | CASE NO. 1:06 CV 3098 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| SCOTT WILSON, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On December 27, 2006, plaintiff pro se Thomas James Savoca filed this Bivens[1] action against Federal Bureau of Investigation ("FBI") Agent Scott Wilson, Ohio Highway Patrol Officer Jeffrey Starling, Federal Public Defender George Lancaster, Jr., FBI Agent Jack Remalley, United States Parole Officer Ronald Ward, Ohio Highway Patrol Officer Sergeant Lauer, and "known and unknown" defendants. (Compl. at 1.) In the Complaint, Plaintiff alleges the evidence used to convict him of numerous bank robberies was fabricated. He asks this court to "grant probable cause, proceed In Forma Pauperis, help plaintiff attain [a] lawyer, allow access to all court records in cases are [sic] at question sealed documents also recommend trial by jury and impeach witness and defendants mentioned in this Bivens action." (Compl. at 10.) He also requests monetary

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

damages in the amount of $ 2,519,092.00.

## *Background*

Mr. Savoca was convicted in the United States District Court for the Southern District of West Virginia on March 4, 2004, on charges of bank robbery and use of a firearm in relation to a crime of violence. He was sentenced to 384 months incarceration. He was also convicted on June 29, 2004, in the United States District Court for the Northern District of Ohio, on charges of conspiracy to commit bank robbery, four counts of bank robbery, and two counts of using a firearm in relation to a bank robbery. He was sentenced to 70 years in prison. Evidence obtained to convict Mr. Savoca in West Virginia was also used to connect Mr. Savoca to bank robberies in the Cleveland area. Mr. Savoca now claims the witnesses that testified against him at his two trials committed perjury and fabricated evidence. Specifically he claims two video tapes, which were introduced to the juries as contemporaneous recordings, were re-enactments of the incidents by FBI and other law enforcement personnel and that his DNA was planted by the FBI after these videos were produced.

The first of these videotapes depicts two masked men robbing the Traders Bank in Ripley, West Virginia on July 25, 2003. Plaintiff claims Traders Bank "uses 35 mm not video" to conduct its surveillance. He also contends the bank manager has brown hair while the man in the video appears to have black hair. Finally, he claims that the two bank employees who testified against him were not shown in the video. He asserts that they committed perjury. He also indicates that the video shows the sun shining in windows on the west side of the building which he claims is proof that the video was made after 3:00 p.m. He contends the FBI and bank employees returned

-2-

to the bank later in the evening and reenacted the robbery to fabricate evidence.

The second videotape that he questions depicts a high speed car chase which ended with a collision and the arrest of Mr. Savoca. Witnesses reported that the two men who robbed Traders Bank were seen leaving the scene in a silver Ford Taurus. A short time later, the Jackson County police were informed that the men abandoned the Taurus and entered a brown or gold van near the Fairplain exit of Interstate 77 in Jackson County, West Virginia. Two Wood County sheriff's deputies noticed a van meeting that description heading north on Interstate 77. They signaled for the van to pull over, but instead of complying with the order, the driver of the van attempted to flee. The high speed chase that ensued allegedly was captured on at least two police video dash board cameras. The Wood County deputies pursued the van across the Ohio border. The chase came to an end when the van struck an Ohio Department of Transportation dump truck on Interstate 77 near Marietta, Ohio. Mr. Savoca was arrested on the scene and was taken to the hospital for treatment for his injuries. He claims the black and white video purportedly made by the Wood County deputies shows two men exiting the vehicle following the crash. He states that the windows of the van do not appear to be tinted at that point. He also comments that the van appears blue in the video even though his van is light brown. The Ohio State Highway patrol video is in color and shows the van as being tan with tinted windows. He states the model year of the van in the video, however, is different from his van because his vehicle has "side doors that swing open and fake slides." (Compl. at 16.) He does not indicate how this differs from the van in the video.

Mr. Savoca contends that to support the fabricated tapes, law enforcement officials planted his DNA in masks connected to the bank robbery in Ripley West Virginia, and in masks discarded

-3-

after several bank robberies in Northern Ohio. He indicates FBI agents in Painesville, Ohio and Charleston, West Virginia obtained warrants to collect DNA samples from him in order to determine if it matched DNA samples recovered from masks found in discarded getaway vehicles. Crime labs in both Ohio and West Virginia concluded that Mr. Savoca's DNA was present in the masks. He states that a total of four DNA samples were taken but only one showed up in the crime laboratory in Charleston, West Virginia. Mr. Savoca alleges the other three samples must have been used by FBI agents to plant evidence in the masks. Mr. Savoca states that he "would like to bring these true facts out in appeal or accept this in part of that appeal and allow a continuance for [a] lawyer to obtain proper transcripts and investigating [sic] these facts that are true to the best of the knowledge of Thomas J. Savoca." (Compl. at 18.)

Mr. Savoca challenged his convictions through direct appeal and through Motions to Vacate Sentence under 28 U.S.C. § 2255. He did not assert the two tapes were fabricated or that evidence had been planted in either of his direct appeals. The United States Fourth Circuit Court of Appeals, upheld his conviction on November 21, 2005. The United States Sixth Circuit Court of Appeals, upheld his conviction on January 18, 2006. On July 19, 2006 and July 21, 2006, Mr. Savoca filed similar § 2255 Motions in the United States District Courts for the Northern District of Ohio and the Southern District of West Virginia respectively. In each of these actions, he raises his claims that the video tapes were fabricated. Both cases are still pending.

*Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to

-4-

dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Savoca raises claims which, if found to have merit, would call into question the validity of the evidence used to obtain his convictions. As such, Mr. Savoca must also allege that his convictions were declared invalid on direct appeal or in a federal habeas corpus decision. Both of his appeals affirmed his convictions. His § 2255 motions are still pending. Consequently, this case must be dismissed.

## *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

  IT IS SO ORDERED.

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

FILED
MAR 1   2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

---

[3]  28 U.S.C. § 1915(a)(3) provides:

  An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.